## Case No. 1,255.

### BELL et al. v. McCORMICK.

[5 Cranch, C. C. 398.][1]

Circuit Court, District of Columbia. March Term, 1838.

SLAVERY—PRESUMPTION OF EMANCIPATION BY LEGACY IN WILL.

No implied emancipation arises from a legacy of twenty-five dollars bequeathed to slaves who are ordered by the will to be sold.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

Benjamin Prather, of Prince George's county, in Maryland, by his last will, made in 1836, after devising his real estate to his grandson, B. B. Nichols, and sundry pecuniary and specific legacies to several of his relations and friends, proceeds thus: "My will is, that my two servants, Robert and Sarah, immediately after my decease, be set at liberty, and forever free from slavery, and that my executor pay, out of my estate, to the said Robert, the sum of fifty dollars, and to the said Sarah the sum of twenty-five dollars. Item, I will all the rest of my negroes, namely, Bacchus, Joseph, Bill, Dorsey, Hanson, Ann, John, Martha and Rachel, to be sold under the following provisions: that is, none of the said negroes shall be sold to any person residing out of Prince George's county, without their own consent; and in all cases they shall have the liberty of choosing their masters. All the rest and residue of my estate I will to be sold to the best advantage, and the proceeds of such sales, as well as the proceeds of the sale of the negroes above mentioned, (after paying to the said Bacchus, Joseph, Bill, Dorsey, Hanson and Ann, the sum of twenty-five dollars, which I hereby require and authorize my executor to pay, as well as in all other legacies,) to be equally divided between my two daughters Rachel and Eliza, share and share alike."

The present suit was brought by Bacchus [Bell] and Joseph [Williams,] two of the negroes named in the will [against Alexander McCormick.] It was agreed by the counsel of the parties, that, independent of the specific devises and legacies, the testator left assets sufficient to pay his debts, without resort to a sale of the negroes, and to leave a residuum; and that the petitioners had demanded their legacies of twenty-five dollars each, of the executor, who refused to pay them.

Mr. W. L. Brent and Mr. R. J. Brent, for petitioners, contended that a legacy to a slave is an implied emancipation, because, while a slave, he cannot hold the money a moment. It instantly becomes the money of his master. He can give no receipt, nor release; nor can the executor have credit for it in settlement of his administration account. When a right is given by a master to his slave, he is presumed to give all the means of his enjoyment of it. If the will contain consistent devises, or bequests, the last must prevail. The legacies are not to be paid out of the proceeds of the sales of the negroes only, but out of the general fund to be created by the sale of the negroes and other property, and there was more than enough to pay all the debts and legacies, without resort to the sale of the negroes. 1 Thom. Co. Litt. 430; Oatfield v. Waring, 14 Johns. 192; Hall v. Mullin, 5 Har. & J. 194; Le Grand v. Darnall, 2 Pet. [27 U. S.] 670; Ulrich v. Litchfield, 2 Atk. 374.

Mr. Bradley, contra. There can be no implication against the express language of the will. The testator expressly manumits some of his slaves, but directs these to be sold to such masters as they should choose, and out of the proceeds they were to be paid $25 a piece.

Mr. Mennifee, of Kentucky, on the same side. The donation of $25 a piece to the slave is not, in law, a legacy, but a mere benevolence. This construction reconciles all the clauses of the will. It is manifest that the testator did not intend to manumit these slaves; but to do them a gratuitous kindness. So also the right given them to choose their masters, was not a legal right, but a mere benevolence without a corresponding right, a gratuity, a direction to the executor.

THE COURT (nem. con.) was of opinion that the petitioners were not entitled to freedom under the will. That an implied emancipation cannot be inferred in direct opposition to the express order of the testator to his executor to sell them.